UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

                     Plaintiff,

      – against –

REAL PROPERTY AND PREMISES LOCATED AT
2 MAPLE CRES UNIT 21, VERNON, NEW JERSEY
07462 AND ALL PROCEEDS TRACEABLE THERETO;

REAL PROPERTY AND PREMISES LOCATED AT
99 MAIN STREET, KINGS PARK, NEW YORK 11754
AND ALL PROCEEDS TRACEABLE THERETO;

AND

ONE MARQUIS 550 LS 055 VIN CDRH2010F708,
AND ALL PROCEEDS TRCEABLE THERETO;

                    Defendants *In Rem*.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

STIPULATION AND ORDER

Case No. 16-CV-0986

(Spatt, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 15 2016 ★

LONG ISLAND OFFICE

WHEREAS, on February 29, 2016, the United States of America (the "United States") filed a Verified Complaint *in rem* (the "Complaint") in the above-captioned action seeking, among other things, the forfeiture to the United States one Marquis 550 LS Vessel (the "Subject Property"), *see* Docket Entry No. 1; and

WHEREAS, on March 4, 2016, Paul Skiscim ("Skiscim") and Mary Lynn Gerace ("Gerace") (collectively "Claimants") each filed a Notice of Claim in which they claim full and/or partial ownership in the Subject Property, *see* Docket Entry Nos. 6, 7; and

WHEREAS, on February 29, 2016, the Subject Property was included by Skiscim as part of his bail package in connection with the criminal case, *United States v. Paul Skiscim*, MJ-16-155 (the "Bail Package"); and

WHEREAS, Claimants, through undersigned counsel, have represented to the United States that they wish to sell the Subject Property; and

WHEREAS, the United States and Claimants, in order to maximize and preserve the equity in the Subject Property and to avoid deterioration, depreciation, vandalism and/or non-payment on any mortgages loans and/or liens with respect to the Subject Property, wish to agree that Claimants shall be permitted to pursue marketing and/or sale of the Subject Property.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED as follows:

1. The Subject Property may be marketed and sold pursuant to the terms set forth in this Stipulation and Order (the "Stipulation").

2. Claimants may market and/or sell the Subject Property for a period of eight (8) months beginning on the date Claimants enter into this Stipulation.

3. Prior to signing any document/contract for the sale of the Subject Property, Claimants must present such document/contract to the United States for review and approval to execute the document/contract and/or accept any offer.

4. Simultaneous with signing any document/contract for the sale of the Subject Property, Claimants must represent to the United States, in writing, that the sale represents an arms-length transaction and, to the best of Claimants understanding, represents fair market value for the Subject Property, and that Claimants and/or the sale of the Subject Property shall proceed in accordance with all laws and applicable regulations.

5. Should the Subject Property be sold in accordance with the terms in this Stipulation, the United States and Claimants agree that the net proceeds obtained from the sale shall be held, in an interest bearing escrow account, by the United States Marshals Service ("USMS") pending further order of this (or applicable appellate) Court.

6. Net proceeds are defined as the gross proceeds from the sale of the Subject Property, less reasonable closing costs, as approved by the United States, transfer fees, principal and interest owed on any outstanding mortgage loans and/or liens and legal fees incurred by virtue of the closing of the Subject Property.

7. The net sale's proceeds shall remain available for forfeiture in this pending civil action as substitute res for the Subject Property, and Claimants waive and agree not to assert any argument that such proceeds are not traceable to the Subject Property.

8. Prior to completing the sale of the Subject Property, Claimants shall seek Court approval to amend the bail package by substituting the net proceeds for the applicable Subject Property.

9. Should Claimants fail to sell the Subject Property within the eight (8) months referenced *supra*, the government will have the opportunity to request that the Court amend this Stipulation to authorize the USMS to take full custody of the Subject Property and begin to market and dispose of the Subject Property pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) and Rule G(7) of the of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

10. Should the United States/USMS determine that the Subject Property is not being maintained in good repair, or that any other act or omission by Claimants adversely affects the

Case 2:16-cv-00986-ADS Document 8-1 Filed 04/14/16 Page 4 of 5 PageID #: 40

marketability and/or use of the Subject Property, the United States shall be entitled to enforce all of its rights and remedies to preserve the Subject Property.

11. This Stipulation shall not be construed as an admission of any wrongdoing, except as set forth specifically in paragraph 7, nor shall it serve as a waiver of any defenses or claims that any of the parties may have available to them regarding the forfeitability of the Subject Property and all proceeds traceable thereto. This agreement is intended to solely to permit Claimants to market and sell the Subject Property and to permit any and all net proceeds to remain in the custody of the USMS, pending the final outcome of Skiscim's criminal prosecution and the above-captioned civil matter.

12. In further consideration of the above, Claimants agree to release, remise, and forever discharge the United States and its agencies, agents, officers, and employees, past and present, from all claims or causes of action which Claimants ever had, now have, or hereafter may have against the United States, its agencies, agents, officers, and employees, past and present, with respect to the sale of the Subject Property.

13. In further consideration of the above, Claimants agree that they shall hold the United States and its agencies, agents, officers and employees, past and present, harmless from any claims or suits brought by any persons or entities concerning, referring or relating to the sale of the Subject Property.

14. Claimants represent that they are fully authorized to execute this Stipulation and any and all other documents necessary to effectuate the sale of the Subject Property as contemplated herein.

15. The Court shall retain jurisdiction over this action to effectuate the terms of this Stipulation.

16. This Stipulation constitutes the entire agreement between the parties with respect to the Subject Property and may not be modified or amended except by written agreement executed by each of them.

17. The undersigned individuals signing this Stipulation represent and warrant that they are authorized to execute this Stipulation and the representations herein are made subject to penalty of perjury.

18. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

19. The Clerk of the Court shall docket, file and forward five (5) certified copies of this Stipulation to the United States Attorney's Office, Attn: Asset Forfeiture Paralegal Brian Gappa, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
March ___, 2016
April 7

| | |
|---|---|
| ROBERT L. CAPERS<br>United States Attorney<br>Eastern District Of New York<br>610 Federal Plaza, 5th Floor<br>Central Islip, New York 11722<br><br>By: _____<br>Robert W. Schumacher<br>*Attorney for Plaintiff*<br>Assistant United States Attorney<br>(631) 715-7871 | _____<br>Paul Skiscim<br><br>_____<br>Mary Lynn Gerace<br><br>By: _____<br>Kenneth J. Kaplan<br>*Attorney for Claimants*<br>Law Offices of Kenneth J. Kaplan, P.C.<br>767 Third Avenue, 26th Floor<br>New York, NY 10017 |

So Ordered: s/ Arthur D. Spatt
_____
HONORABLE ARTHUR D. SPATT
UNITED STATES DISTRICT JUDGE  4/15/16