

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza, 5th Fl.,*
*Central Islip, New York 11722*

April 21, 2016

By ECF with Courtesy Copy by Interoffice Mail

Honorable Arthur D. Spatt
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    <u>United States v. 2 Maple Cres.,et al.</u>, Civil Action No. 16-0986

Dear Judge Spatt:

    The government respectfully writes to request, pursuant to 18 U.S.C. § 981(g), that the above-referenced civil forfeiture action be stayed for a period of six months or until after the close of a related criminal case currently pending in this District, in which claimant, Paul Skiscim ("Skiscim" or "Claimant"), is a defendant. *See United States v. Sksicim*, 16-CR-190. This civil forfeiture action arises from the same conduct that forms the basis of the criminal case. Claimant consents to this request.

## I.     Factual and Procedural History

    The government commenced this action on February 29, 2016, seeking forfeiture of the following assets: (a) the real property and premises located at 60 James Street, Northport, New York; (b) the real property and premises located at 99 Main Street, Kings Park New York; (c) the real property and premises located at 2 Maple Crescent, Unit 21, Vernon, New Jersey; (d) all funds on deposit at Bank of America, account number ending in 676770, held in the name of Aerospec Fasteners, Inc., up to and including the sum of $2,821,829.08, and all proceeds traceable thereto; and (e) one Marquis vessel 550 LS 055 (collectively referred to as the "Defendant Properties") pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(A), as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343; and/or as property involved in an transaction or an attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957. *See* Verified Complaint *In Rem*, Dkt. #1.

### II.     A Stay of This Civil Forfeiture Proceeding Is Warranted

As a threshold matter, the conduct forming the basis of this civil forfeiture action, as detailed in the complaint, represents the same conduct that forms the basis of the criminal case currently pending in this district in which Claimant is a defendant.  Specifically, in the criminal case, Skiscim stands accused of violating 18 U.S.C. §§ 38 and 1343, by making false and fraudulent, pretenses, representations and promises concerning aircraft parts.  This civil *in rem* action seeks forfeiture of the property derived from, or traceable to, these alleged crimes.  Thus, the civil forfeiture proceeding and the criminal case are closely related.  A stay of the civil proceeding would best serve the interests of the Court and the parties because it would prevent unnecessary and duplicative litigation, since determinations in a prosecution arising out of the related criminal case would have a potentially dispositive effect on the outcome of this civil action.  In addition, such a stay is appropriate under the standards set forth in the governing statute, 18 U.S.C. § 981(g)(1), which provides that, "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."

Insofar as the criminal case has not yet been completed and resolved, discovery in this civil forfeiture action will adversely affect the potential prosecution of that case, thereby warranting a stay of the civil proceeding.  *See, e.g., United States v. $247,052.54*, 2007 WL 2009799, at *2 (N.D. Cal. Jul. 6, 2007) (holding that stay of civil forfeiture proceeding must be granted even where government, not claimant, is party seeking discovery impacting parallel criminal case, since government's trial strategy would be exposed by cross-examination of its witnesses); *United States v. 10 Table Bluff Road*, 2007 WL 911849, at *2 (N.D. Cal. Mar. 23, 2007) (holding that stay of civil forfeiture proceeding must be granted as civil discovery will subject government to broader and earlier discovery than would occur in parallel criminal case); *United States v. Contents of Nationwide Life Ins. Annuity Account*, 2007 WL 682530, at *1 (S.D. Ohio Mar. 1, 2007) (granting stay over claimant's objection on grounds that purpose of stay was not only to protect claimant's Fifth Amendment rights, but to prevent claimant from using civil proceeding as "back door" to obtaining greater discovery in parallel criminal case than would otherwise be allowable under Fed. R. Crim. P. 16).

A stay of this civil forfeiture proceeding would also serve to protect the rights of Claimant, and, in this regard, the applicable statute also contains a provision allowing a claimant to request a stay.  Pursuant to 18 U.S.C. § 981(g)(2), the claimant's request for a stay shall be granted where, as here, the claimant is the subject of a related criminal investigation and "continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case."  *See also United States v. One Assortment of 73 Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005) (holding target of criminal case entitled to stay of related civil forfeiture proceeding in order to safeguard right against self-incrimination); *United States v. 29.77 Acres East of Soda Springs Road*, 2001 WL 34050119, at *1 (D. Or. May 22, 2001) (granting criminal defendant's motion to stay parallel civil case).

For the reasons set forth above, and with the consent of the Claimants, the government respectfully requests a stay of this forfeiture proceeding for a period of six months or until after

the close of the related criminal case.  If granted, the government expressly reserves the right to request that the stay be lifted as needed if, for example, the criminal case is concluded prior to expiration of the stay.

  Thank you for Your Honor's consideration of this submission.

                Respectfully submitted,

                ROBERT L. CAPERS
                United States Attorney

         By:  /s/  Robert W. Schumacher
             Robert W. Schumacher
             Assistant U.S. Attorney
             (631) 715-7871

cc: All counsel of record
   (by ECF)