REED SMITH LLP
Chrystal A. Puleo
599 Lexington Avenue, FL 24
New York, New York 10022
(P) 212-231-2651
(F) 212-521-5450
cmauro@reedsmith.com
*Attorneys for Claimant M&T Bank*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>REAL PROPERTY AND PREMISES LOCATED AT 60 JAMES STREET, NORTHPORT, NEW YORK 11768 AND ALL PROCEEDS TRACEABLE THERETO, ET AL.,<br><br>                    Defendants. | Case No.: 2:16−CV−00986−ADS<br><br>**ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM* AND AFFIRMATIVE DEFENSES OF CLAIMANT M&T BANK** |

M&T Bank ("M&T" or "Claimant"), by and through its undersigned counsel, hereby files this Verified Answer and Affirmative Defenses to the Complaint for Forfeiture *In Rem* (the "Complaint"), and states:

### NATURE OF THE ACTION

1.      Claimant admits that the United States purports to proceed as set forth in Paragraph 1 of the Complaint.

2.       In Answering Paragraph 2 of the Complaint, Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein. To the extent the allegations set forth conclusions of law, no response is required.

## THE DEFENDANTS *IN REM*

3.      Claimant admits that the United States has identified the properties listed in

Paragraph 3(a) through 3(e) of the Complaint as defendants *in rem* in this action.

## JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint sets forth conclusions of law.  As such, no response

is required.

5.      Paragraph 5 of the Complaint sets forth conclusions of law.  As such, no response

is required.  Claimant admits that the defendant real property located at 60 James St., Northport,

New York 11768 (the "Subject Property") is located within the Eastern District of New York.

## STATUTORY PROVISIONS

6.      Paragraph 6 of the Complaint sets forth conclusions of law.  As such, no response

is required.

7.      Paragraph 7 of the Complaint sets forth conclusions of law.  As such, no response

is required.

8.      Paragraph 8 of the Complaint sets forth conclusions of law. As such, no response

is required.

9.      Paragraph 9 of the Complaint sets forth conclusions of law.  As such, no response

is required.

## FACTS

10.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint

12.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.      Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.      Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

## THE DEFENDANT FUNDS

20.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

## THE DEFENDANT PROPERTIES

60 James Street, Northport, New York, 11768

28.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29.     Claimant admits the allegations set forth in Paragraph 29 of the Complaint.

30.      Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

99 Main Street, Kings Park, New York 11754

33.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations stated set forth in Paragraphs 33 through 40 of the Complaint.

Maple Crescent Unit 21, Vernon, New Jersey 07462

34.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 41 through 45 of the Complaint.

The Marquis Vessel

35.     Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 46 through 50 of the Complaint.

## FIRST CLAIM FOR RELIEF

36.     In Answering Paragraph 51 of the Complaint, Claimant hereby incorporates and re-alleges each and every response set forth above as fully set forth herein.

37.      Paragraph 52 of the Complaint sets forth conclusions of law.  As such, no response is required.

38.     Paragraph 53 of the Complaint sets forth conclusions of law.  As such, no response is required.

## SECOND CLAIM FOR RELIEF

39.     In Answering Paragraph 54 of the Complaint, Claimant hereby incorporates and re-alleges each and every response set forth above as fully set forth herein.

40.     Paragraph 55 of the Complaint sets forth conclusions of law.  As such, no response is required.

41.     Paragraph 56 of the Complaint sets forth conclusions of law.  As such, no response is required.

## PRAYER FOR RELIEF

Claimant denies that Plaintiff is entitled to relief to the extent that the relief sought seeks to deprive Claimant of its interest in the Subject Property or the proceeds thereof.

## AFFIRMATIVE DEFENSES

Claimant hereby alleges the following separate and distinct defenses and affirmative defenses without conceding that Claimant necessarily bears the burden of proof or persuasion:

## FIRST AFFIRMATIVE DEFENSE

As set forth in Claimant's Verified Claim Against Property Subject To *In Rem* Forfeiture [Docket No. 15] Claimant's ownership interest in the Subject Property derives from a lien based upon a mortgage loan ("Mortgage") made in exchange for a Consolidated Note, dated August 6, 2008, wherein Paul John Skiscim, Jr. and Mary Lynn Gerace, as borrowers ("Borrowers"), promised to pay the principal and interest of the Consolidated Note to the lender, Hudson City Savings Bank, and its successors and assigns. The Consolidated Note is secured by a Consolidated Mortgage to the Subject Property recorded on August 20, 2008 in the Office of the Clerk of the County of Suffolk, State of New York, as Liber M00021742, Page 437. Claimant is successor to Hudson City Savings Bank by merger, effective November 1, 2015 and Claimant is entitled to enforce the Note and the Mortgage.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's allegations may be proven true, Claimant asserts that it is an innocent owner as set forth in 18 U.S.C. § 983(d). As set forth in its Claim, Claimant asserts that it is an "owner" of the property under 18 U.S.C. § 983(d)(6) by virtue of the mortgage lien it holds in the property under state law. Further, Claimant was a bona fide purchaser for value that did not know of the conduct giving rise to forfeiture or was reasonably without cause to believe that the property was subject to forfeiture.

## THIRD AFFIRMATIVE DEFENSE

Claimant asserts that its interest is not subject to forfeiture, pursuant to 18 U.S. C. § 981, and that the government cannot obtain the forfeiture is seeks because that result would be constitutionally disproportionate and barred by the prohibition against excessive fines provided for in the Eighth Amendment of the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Claimant acquired its interest in the Subject Property before the alleged conduct giving rise to the forfeiture.

## FIFTH AFFIRMATIVE DEFENSE

Claimant acted in good faith at all times relevant to the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Claimant requests that any disposition of the Subject Property provide for protection of Claimant's lien interest in full, including principal balance, interest at the contract rate, attorneys' fees and costs incurred in protecting its lien interest, and such other and further relief, at law or in equity to which Claimant may show itself justly entitled.

## SEVENTH AFFIRMATIVE DEFENSE

Claimant's reserves the right to assert any additional defenses or amend these defenses as discovery warrants.

DATED:  August 3, 2016.

REED SMITH LLP
By: */s/ Chrystal A. Puleo*
      Chrystal A. Puleo
      599 Lexington Avenue, FL 24
      New York, New York 10022
      (P) 212-231-2651
      (F) 212-521-5450
      cmauro@reedsmith.com
      *Attorneys for Claimant M&T Bank*

## VERIFICATION

I, Thomas K. Frederick, being first duly sworn upon oath, depose and say:

1. I am a Vice President at M&T Bank.

2. I have read the foregoing Answer to Complaint for Forfeiture *In Rem*, and Affirmative Defenses by M&T Bank, and know the contents thereof.

3. I know that the contents thereof and the statements and allegations contained therein are true and accurate to the best of my present knowledge, except as to those matters stated upon information and belief, and as to those, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 2 day of _August_, 2016, in Buffalo, New York.

Thomas K. Frederick
Vice President
M&T Bank

STATE OF NEW YORK            )
COUNTY OF ERIE               )

SWORN TO AND SUBSCRIBED:

This day appeared before the undersigned Notary Public, **Thomas K. Frederick,** who, being duly sworn, states that the foregoing is true and correct to the best of his knowledge, information and belief.

Sworn to and subscribed to before me in my jurisdiction aforesaid this 2nd day of _August_, 2016.

Notary Public

My Commission expires: _____

Susan L. Irving
Notary Public, State of New York
Qualified in Erie County
My Commission Expires March 16, 2017

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on August 3, 2016, a true and correct copy

of the foregoing **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF M&T**

**BANK** was served on the below parties via this Court's electronic case filing system:

Robert W. Schumacher
Assistant U.S. Attorney
Eastern District of New York
610 Federal Plaza, 5th Floor
Central Islip, New York, 11722

Kenneth J. Kaplan
767 3rd Avenue
26th Flr.
New York, New York 10017


By: */s/ Chrystal A. Puleo*
Chrystal A. Puleo