SLR:FR:RS:
F.#2016V00550

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA,

              – against –

ONE MARQUIS 550 LS 055 VIN
CDRH2010F708, AND ALL PROCEEDS
TRCEABLE THERETO, *ET AL.*

                  Defendant.
– – – – – – – – – – – – – – – – – – –X

STIPULATION & ORDER
OF VOLUNTARILY
DISMISSAL AS TO ONE
MARQUIS 550 LS 055 VIN
CDRH2010F708

Civil Case No. 16-0986

(Spatt, J.)

WHEREAS, on February 29, 2016, the United States of America (the "United States")
filed a Verified Complaint *in rem* (the "Complaint") in the above-captioned action seeking,
among other things, the forfeiture of one Marquis 550 LS 055 VIN CDRH2010F708 (the
"Defendant Vessel") pursuant to (a) 18 U.S.C. § 981(a)(l)(C), as property, real or personal,
that constitutes or is derived from, proceeds traceable to a violation of 18 U.S.C. § 1343;
and/or (b) 18 U.S.C. § 981(a)(1)(A), as property involved in a transaction or attempted
transaction in violation of 18 U.S.C. §§ 1956 and 1957 (*see* Docket Entry No. 1); and

WHEREAS, on or about March 2, 2016, the Court issued a Warrant for Arrest of
Articles In Rem (the "Warrant"), pursuant to Rule G(3) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"),
authorizing the United States to seize the Defendant Vessel (*see* Docket Entry No. 4); and

WHEREAS, on or about May 31, 2016, the United States executed process and served copies of the Verified Complaint and the Warrant on all known potential claimants to the Defendant Vessel; and

WHEREAS, in accordance with Supplemental Rule G(4)(a)(iv), legal notice of this civil action was also published on an official internet government forfeiture website, www.forfeiture.gov, for at least 30 consecutive days, beginning on March 11, 2016 through and including April 9, 2016; and

WHEREAS, Paul Skiscim and Mary L. Gerace (the "Claimants") filed a notice of claim dated March 4, 2016, asserting their interest in the Defendant Vessel (*see* Docket Entry Nos. 6, 7); and

WHEREAS, to date, no other persons or entities have filed any claims or asserted any interest in the Defendant Vessel, and the time to do so under 21 U.S.C. § 853(n)(2) has since expired; and

WHEREAS, the United States of America now seeks to dismiss the Complaint and Warrant only to the extent that it seeks forfeiture and/or restraint of the Defendant Vessel.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Claimants and Defendant, by and through their respective attorneys, as follows:

1.     The Complaint and Warrant shall be and hereby are dismissed only to extent that it seeks forfeiture and/or restraint of the Defendant Vessel.

2.     By consent, Claimants release, remise, and discharge the United States of America, its agencies, agents, officers, and employees, past and present, from all claims or causes of action which Claimants ever had, now have, or hereafter may have against the United

States of America, its agencies, agents, employees, representatives, and officers, past and present, for or on account of the incidents or circumstances giving rise to the commencement of the above-captioned action, or for any conduct or action in any way connected to the seizure, custody and forfeiture of the Defendant Vessel.

3.     By consent, Claimants shall hold the United States of America, its agencies, agents, employees, representatives, and officers, past and present, harmless from any claims or suits brought by any persons or entities concerning, referring or relating to the forfeiture of the Defendant Vessel in this action, and that, should any such claim or proceeding occur, they shall: (a) indemnify the United States of America, its agencies, agents, employees, representatives, and officers, past and present (b) if demanded by the United States of America, defend any such suit; and (c) provide evidence and testimony necessary to the defense of such suit.

4.     Each party shall bear its own costs and attorney's fees incurred in connection with this action related to the forfeiture of the Defendant Vessel and this Stipulation Order of Voluntary Dismissal as to the Defendant's Vessel.

5.     By Consent, Claimants agree to waive any and all rights they have, if any, to recover attorney's fees and/or interest under the Equal Access to Justice Act, the Civil Asset Forfeiture Reform Act, or any other legal or statutory bases.

6.    The Clerk of the Court shall forward five (5) certified copies of this Order of Dismissal to the United States Attorney's Office, 610 Federal Plaza, Central Islip, New York 11722, Attn: Brian Gappa Asset Forfeiture Paralegal.

Dated: Central Islip, New York
           February _____, 2017

                                                ROBERT L. CAPERS
                                                United States Attorney
                                                Eastern District of New York
                                                Attorney for the United States
                                                610 Federal Plaza East, 5th Floor
                                                Central Islip, New York 11722

                                  By:    _____
                                                Robert W. Schumacher
                                                Assistant U.S. Attorney
                                                (631) 715-7871

Dated: New York, New York
           February 2, 2017
           MARCH

                                                Kenneth J. Kaplan
                                                767 3rd Avenue
                                                26th Floor
                                                New York, New York 10017

                                  By:    _____
                                                Kenneth J. Kaplan, Esq.
                                                (212) 750-8628

AGREED AND CONSENTED TO:

_____

Paul Skiscim

On the 27 day of February 2017, before me, the undersigned, personally appeared Paul Skiscim, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same, and that by his signature on the instrument, the individual executed the instrument.

DONNA PALLADINO- PESCE
Notary Public State of New York
No. 24-4835897
Qualified in Suffolk County
My Commission Expires September 30, 20__

_____
NOTARY PUBLIC

AGREED AND CONSENTED TO:

_____

Mary L. Gerace

On the 27 day of February 2017, before me, the undersigned, personally appeared Mary L. Gerace, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same, and that by his signature on the instrument, the individual executed the instrument.

DONNA PALLADINO- PESCE
Notary Public State of New York
No. 24-4835897
Qualified in Suffolk County
My Commission Expires September 30, 20__

_____
NOTARY PUBLIC

SO ORDERED this ___ day
of February 2017

_____
HONORABLE ARTHUR D. SPATT
UNITED STATES DISTRICT JUDGE

---

*United States v. 60 James Street, et al.*, Civil Docket no. 16-986 (ADS)          5
Stipulation and Order